UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JOSE RAMON DURAN-GUIRIGAY,

Petitioner,

v.

FERETI SEMAIA, et al.,

Respondents.

No. 5:26-cv-03728-JDE

ORDER REGARDING PETITION

## I.

## PROCEEDINGS

On July 6, 2026, Jose Ramon Duran-Guirigay ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging his re-detention by immigration authorities violates his procedural and substantive due process rights. Dkt. 1 ("Petition" or "Pet."). He seeks his immediate release; return of his belongings taken at the time of arrest; a declaration that his detention is unlawful; an order enjoining Respondents from establishing more onerous supervision requirements than he had prior to his current detention; an order enjoining Respondents from transferring him while this case is pending; an order enjoining Respondents from re-detaining him unless a hearing is held before a neutral adjudicator to determine whether

his re-detention would be lawful because the government has shown that he is a danger or flight risk by clear and convincing evidence; and attorney's fees and costs. Id. at 29-30. On July 10, 2026, Respondents filed an Answer, advising the Court that they "are not presenting any opposition arguments at this time" and "[s]hould the Court enter relief, judgment may be entered, and no more filings or proceedings will be necessary in this matter." Dkt. 10.

Although the time to file an optional Reply has not expired, in light of Respondents' position, the Court proceeds to rule on the Petition. For the reasons below, the Petition is granted, in part.

## II.

## BACKGROUND

Petitioner is a Venezuelan citizen who entered the United States on October 11, 2022. He was processed by Border Patrol and was released the next day under conditional humanitarian parole. Pet. ¶ 41. He has a pending asylum application Id. ¶ 3. Petitioner has complied with all conditions of his release, attended all of his Immigration and Customs Enforcement ("ICE") appointments, and has no criminal history. Id. ¶¶ 41, 45.

On June 8, 2026, when Petitioner reported for his scheduled ICE check-in, he was asked if he wanted to go before an immigration judge to talk about his case and he agreed. Without notice and without further discussion with a judgment, immigration officers summarily revoked his parole and detained him. Pet. ¶ 46. He was not provided advance notice, cause, or a hearing to determine whether he poses a danger or flight risk. Id. ¶ 2. Though provided an opportunity to challenge these facts in an Answer, Respondents did not do so.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28

U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those subject to final removal orders. Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted).  The Court must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

All three factors support a finding that Petitioner's due process rights were violated in the revocation of his parole. First, he has a significant liberty interest in remaining out of custody under his parole. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). "Although the initial decision to detain or release an individual may be within the government's discretion, 'the government's decision to release an individual from custody creates "an implicit promise," upon which that individual may rely, that their

3

liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions of release.'" Faizyan v. Casey, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025) (alterations in original) (quoting Pinchi, 792 F. Supp. 3d at 1032); see also Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects."). Thus, "after that individual is released from custody [he] has a protected liberty interest in remaining out of custody." Salazar v. Casey, 2025 WL 3063629, at *3 (S.D. Cal. Nov. 3, 2025) (quoting Pinchi, 792 F. Supp. 3d at 1032).

"Second, the risk of an erroneous deprivation of such interest is high as Petitioner's parole was revoked without . . . giving [him] an opportunity to be heard." Faizyan, 2025 WL 3208844, at *7 (alterations in original) (quoting Salazar, 2025 WL 3063629, at *4); see also Singh v. Andrews, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) (finding the risk of an erroneous deprivation of liberty was high where the petitioner had not received any bond or custody re-determination hearing). Here, "[c]ivil immigration detention is permissible only to prevent flight or protect against danger to the community." Pinchi, 792 F. Supp. 3d at 1035. There is no evidence that Petitioner's detention would serve either purpose. Since the "initial determination that Petitioner should be paroled because [he] posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed." Salazar, 2025 WL 3063629, at *4 (citing Saravia v. Sessions, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.")). Petitioner contends that he has complied with all the conditions of his release, attended all ICE appointments, has a valid work permit, and has no criminal record. Pet. ¶¶ 3, 7, 19. Respondents have presented no evidence showing any material circumstances have changed warranting reconsideration of Petitioner's parole.

Indeed, as noted, Respondents concede they do not have an opposition argument to present. Dkt. 10.

Third, the government's interest in detaining Petitioner without a hearing is low. See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [the petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."); Pinchi, 792 F. Supp. 3d at 1036 ("Detention for its own sake, to meet an administrative quota, or because the government has not yet established constitutionally required pre-detention procedures is not a legitimate government interest.").

The Court finds the revocation of Petitioner's conditional parole deprived him of his due process rights and his detention is unlawful. Faizyan, 2025 WL 3208844, at *7; Salazar, 2025 WL 3063629, at *5. Given that Respondents have identified no material changes in circumstances or otherwise opposed Petitioner's due process claims, the undersigned finds immediate release is warranted. See Faizyan, 2025 WL 3208844, at *7-8; Salazar, 2025 WL 3063629, at *6.

## IV.

## ORDER

IT IS ORDERED that Judgment shall be entered: (1) granting the Petition, in part, and ORDERING Respondents to immediately release **Petitioner Jose Ramon Duran-Guirigay (A# 246 150 742)** from custody, subject to the conditions of his preexisting parole, and returning his belongings that were taken from him at the time of his arrest; and (2) denying the Petition without prejudice in all other respects as moot and/or speculative.

Dated: July 10, 2026 _____

_____
JOHN D. EARLY
United States Magistrate Judge

5